676 S.E.2d 317

**In the Matter of Michael James SARRATT, Respondent.**

No. 26636.

Supreme Court of South Carolina.

Submitted March 9, 2009.

Decided April 20, 2009.

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis Jr., Senior Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Peter D. Protopapas of Lewis & Babcock, LLP, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or the imposition of a definite suspension not to exceed four (4) months. We accept the Agreement and impose a four (4) month suspension from the practice of law. We deny respondent's request to impose the suspension retroactive to Septem-

ber 12, 2008, the date of respondent's interim suspension. *In the Matter of Sarratt*, 379 S.C. 607, 667 S.E.2d 266 (2008). The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

On March 11, 2008, while traveling on I-85 North and I-26 West, respondent was stopped by the Spartanburg County Sheriff's Department. According to the incident report filed by the Sheriff's Department, respondent was stopped for driving 140 mph in a 70 mph zone. Respondent was placed under arrest for reckless driving and issued a citation. On September 25, 2008, respondent pled guilty to speeding 94 mph in a 70 mph zone and the reckless driving charge was marked nolle prosequi.

### Matter II

On September 21, 2007, respondent took his dog to a veterinary clinic for treatment. Later the same day, respondent called the clinic to speak with the veterinarian. The office manager informed respondent that the veterinarian was with a customer and unable to take his telephone call. According to the office manager, respondent used vile and profane language during the conversation. The office manager filed an incident report with the police department and, as a result, respondent was charged with unlawful use of a telephone.

On November 19, 2008, respondent's case was heard before a Spartanburg Magistrate. Respondent's counsel moved to dismiss the charge arguing that an unlawful use of telephone charge required that the telephone call be made with the intent and sole purpose of conveying an unsolicited obscene or imminently threatening message or to harass the recipient. Respondent's counsel asserted the purpose of respondent's telephone call to the veterinary clinic was neither unsolicited nor made for the sole purpose of harassing or threatening the office manager. The magistrate dismissed the charge against respondent.

Respondent admits he used some inappropriate language during his telephone conversation with the office manager.

He represents that, at the time of the incident, he was very emotional due to the condition of his pet. Respondent apologizes for his conduct.

## Matter III

On July 11, 2008, respondent was driving a vehicle belonging to his girlfriend on Highway 74 in Polk County, North Carolina. Respondent's girlfriend was a passenger in the vehicle. An officer with the Polk County Sheriff's Department stopped respondent. During a search, police discovered marijuana and drug paraphernalia on respondent's girlfriend. The police questioned respondent and his girlfriend. According to respondent's counsel, respondent "offered to take the charges as a matter of consideration for [his girlfriend]." Respondent was issued a citation charging him with possession of less than ½ ounce of marijuana and knowingly possessing with intent to use drug paraphernalia.

On November 5, 2008, the drug charges against respondent were brought to trial. After the district attorney presented its case, the trial court granted respondent's motion to dismiss the charges.

Respondent represents that the marijuana and drug paraphernalia found by the Polk County Sheriff's Department did not belong to him; however, in hindsight, he now admits that certain statements made during the traffic stop may have misled the police into believing that respondent was admitting that the marijuana and drug paraphernalia belonged to respondent. Respondent now understands that, as an officer of the court, he has an obligation to ensure he is careful in all communications to avoid any misleading statements.

## Matter IV

During its investigation of the marijuana and drug paraphernalia charges, ODC learned that, on January 20, 2008, respondent had been charged with speeding in Rutherford County, North Carolina. According to respondent's counsel, due to unique procedural rules in North Carolina, respondent had to plead guilty in District Court and appeal the matter to Superior Court in order to obtain a jury trial. After a jury trial on October 6, 2008, respondent was convicted of speeding 93 mph in a 65 mph zone. Respondent was ordered to pay a

$100 fine and $254.50 in court costs, and was placed on unsupervised probation for one year.

## Matter V

On October 5, 2008, respondent was charged with speeding 92 mph in a 70 mph zone in Columbia County, Florida. He completed a driver improvement course. Accordingly, under Florida law, adjudication of the ticket has been held in indefinite abeyance.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct) and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a four (4) month suspension from the practice of law. We deny respondent's request to impose the suspension retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur. PLEICONES, J., not participating.