704 S.E.2d 349

**In the Matter of Michael James SARRATT, Respondent.**

**No. 26907.**

Supreme Court of South Carolina.

Heard Dec. 1, 2010.

Decided Jan. 7, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael James Sarratt, of Landrum, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension from the practice of law not to exceed nine (9) months, retroactive to February 4, 2010, the date of his interim suspension. *In the Matter of Sarratt,* 387 S.C. 220, 692 S.E.2d 892 (2010). In addition, respondent agrees to attend and complete an anger management course approved by ODC prior to petitioning for reinstatement. We accept the agreement and impose a nine month suspension, retroactive to the date of respondent's interim suspension. Before he may petition for reinstatement, respondent shall attend and successfully complete an anger management course which is acceptable to ODC. The facts, as set forth in the agreement, are as follows.

## FACTS

On January 20, 2010, an arrest warrant was issued against respondent charging him with simple assault. The Spartanburg County Sheriff's Department investigated the charge against respondent and took written statements from the victim and several witnesses to the assault.

Respondent requested a jury trial. On May 5, 2010, a jury found respondent guilty of the criminal charge. He was sentenced to a fine of $470.00 or thirty (30) days in jail. Respondent paid the fine.

## LAW

Respondent admits that by his misconduct he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct) and Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct), Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

Respondent's disciplinary history includes an admonition and a four (4) month suspension from the practice of law, due, in part, to instances in which respondent failed to control his anger. *In the Matter of Sarratt,* 382 S.C. 228, 676 S.E.2d 317 (2009).

## CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months, retroactive to the date of his interim suspension.

Before he may file a petition for reinstatement, respondent shall attend and successfully complete an anger management course which is acceptable to ODC. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.